UNITED STATES DISTRICT COURT **FILED**
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION  2006 FEB 14  P 4: 23

CLERK, US DIST. COURT
WESTERN DIST. OF TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| SAMUEL HUGH RUSSELL | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | SA 06 CA 0077-FB |
| | * | |
| CITY OF UVALDE, TEXAS, | * | |
| CITY MANAGER JOHN HARRELL | * | |
| In his Official and Individual Capacities, | * | |
| Defendants | * | JURY TRIAL DEMANDED |

### DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

DEFENDANTS CITY OF UVALDE, TEXAS, and JOHN HARRELL file this Answer to Plaintiff's Original Complaint as follows.

1. Defendants deny the averments set forth in Paragraph 1 of Plaintiff's Original Complaint.

2. No response is necessary to Paragraph 2 of Plaintiff's' Original Complaint.

3. Defendants admit the averments set forth in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendants admit the averments set forth in the first three sentences of Paragraph 4, but deny Plaintiff's constitutional rights have been violated.

5. Defendants admit the averment set forth in Paragraph 5 of Plaintiff's Original Complaint.

6. Defendants admit jurisdiction as stated in Paragraph 6 of Plaintiff's Original Complaint, although Defendants deny liability herein.

7. No response is necessary to Paragraph 7 of Plaintiff's' Original Complaint since Defendants admit jurisdiction exists in this matter.

FILED

2006 FEB 14 P 4: 23

CLRK US DIST COURT
TEXAS

8. Defendants contend venue is proper in the Del Rio Division of the Western District of Texas where the parties reside and where material events took place.

9. No response is necessary to Paragraph 9 of Plaintiff's' Original Complaint.

10. No response is necessary to Paragraph 10 of Plaintiff's' Original Complaint.

11. No response is necessary to Paragraph 11 of Plaintiff's' Original Complaint.

12. Defendants deny the averments set forth in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendants deny the averments set forth in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendants admit the averments set forth in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendants admit the averments set forth in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendants admit the averments set forth in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendants admit Plaintiff sent a letter to the City Manager on August 3, 2004, purporting to be an appeal as averred in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendants admit Plaintiff received a letter from the City Manager on August 9, 2004, denying Plaintiff's request for appeal as averred in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendants deny the averment set forth in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendants cannot admit or deny the averment set forth in Paragraph 20 of Plaintiff's Original Complaint.

21. No response is necessary to Paragraph 21 of Plaintiff's' Original Complaint.

22. Defendants deny the averments set forth in Paragraph 22 of Plaintiff's Original Complaint.

23. No response is necessary to Paragraph 23 of Plaintiff's' Original Complaint.

24. Defendants deny the averments set forth in Paragraph 24 of Plaintiff's Original Complaint.

25. No response is necessary to Paragraph 25 of Plaintiff's' Original Complaint.

26. Defendants deny the relief sought by Plaintiff averred in Paragraph 26 of Plaintiff's Original Complaint.

## AFFIRMATIVE AND SPECIAL DEFENSES

27. Defendants aver that Defendant John Harrell is entitled to qualified immunity from Plaintiff's claims arising under federal law.

28. Defendants aver Plaintiff was an employee at-will for the City of Uvalde and therefore does not possess a property interest in continued employment with the City. Defendants deny the personnel policies and rules of the City of Uvalde provided an enforceable due process requirement before Plaintiff's termination.

## CONCLUSION

THEREFORE, based on the defenses pled against Plaintiff's claims, DEFENDANTS pray that Plaintiff take nothing by this suit. DEFENDANTS further request that upon final hearing of this case, that all relief sought by Plaintiff be denied, and that DEFENDANTS be awarded such other and further relief, at law or in equity, to which they may show themselves justly entitled.

SIGNED this 14th day of February 2006.

                        Respectfully submitted,

                        DENTON, NAVARRO, ROCHA & BERNAL
                        A Professional Corporation
                        2517 N. Main Avenue
                        San Antonio, Texas 78212
                        210/227-3243
                        210/225-4481 (Facsimile)
                        Patrick.bernal@rampage-sa.com

By: _____
                        PATRICK C. BERNAL
                        State Bar No. 02208750
                        COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 14th day of February 2006.

Mr. Russell J.G. Amsberry                 CMRRR #7160 3901 9842 8982 5732
115 East Travis, Suite 1108
San Antonio, Texas 78205

                                                  _____
                                                  PATRICK C. BERNAL

f:\Russell v Uvalde-TML\Pleadings\Answer